UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANITO DECARVALHO,
       Plaintiff

      v.                     CIVIL ACTION NO.
                                 NO. 17-11224-MBB

ERIK TELFORD, et al.,
       Defendants.

## MEMORANDUM AND ORDER

### August 22, 2017

**BOWLER, U.S.M.J.**

Plaintiff Janito Decarvalho, ("Decarvalho"), an inmate confined to MCI Concord, filed a pro se complaint accompanied by motions to proceed in forma pauperis, for appointment of counsel and for service. This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

I.   Background

Plaintiff brings this action seeking damages for false imprisonment, loss of property and malicious prosecution in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Named as defendants are a Plymouth County prosecutor, the Massachusetts State Police and ten state

troopers; the Brockton Police Department and two police detectives; the FBI and an FBI special agent; the City of Brockton, Plymouth County and an unnamed defendant.

Plaintiff's claims stem from his May 14, 2012 arrest in his Brockton apartment. Plaintiff alleges that the defendants entered his apartment with a "no knock" warrant. He alleges that several days after his arrest, he was informed by relatives that when they arrived at his apartment after his arrest, they observed that the main entrance to the premises was unlocked and open and that plaintiff's personal property had been stolen from the apartment. Plaintiff alleges that he was taken to the Plymouth House of Correction the day after his arrest and was subsequently released on bail. On June 17, 2015, plaintiff was acquitted of all charges stemming from his May 14, 2012 arrest.

II.  Application to Proceed Without Prepaying Fees or Costs

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis). Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status.

Upon review of Decarvalho's financial disclosures in his <u>in forma pauperis</u> application and his prison account statement, this Court will ALLOW his Motion for Leave to Proceed in forma pauperis (Docket No. 2). Nevertheless, because Decarvalho is a prisoner as defined by 28 U.S.C. § 1915(h), he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b). In light of this, plaintiff will be assessed an initial partial filing fee of $12.46 pursuant to 28 U.S.C. § 1915(b)(1)(A), with the remainder of the fee, $337.54, to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

III. <u>Screening of the Complaint</u>

Because Decarvalho is a prisoner proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>) and 28 U.S.C. § 1915A (screening of suits against governmental officers and entities). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915 (e)(2); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). Section 1915A also authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a). Rule 8 is a fact pleading standard. In determining whether a complaint states a claim, the court accepts as true the well-pleaded allegations in the complaint and takes reasonable inferences in the plaintiff's favor. Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010).

To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550

U.S. 544, 570 (2007). The"[f]actual allegations must be enough

to raise a right to relief above the speculative level... on the

assumption that all the allegations in the complaint are true

(even if doubtful in fact)." <u>Id.</u> at 555 (internal citations

omitted). The plausibility standard does not require a

probability but is more than a mere possibility. <u>Ashcroft v.</u>

<u>Iqbal</u>, 556 U.S. 662 (2009).

In conducting the preliminary screening, the Court

construes plaintiff's pro se complaint generously. <u>See</u> <u>Haines</u>

<u>v. Kerner,</u> 404 U.S. 519, 520 (1972); <u>Rodi v. New Eng. Sch. of</u>

<u>Law</u>, 389 F.3d 5, 13 (1st Cir. 2004).

IV. <u>Analysis</u>

Although Decarvalho has not directly invoked 42 U.S.C. §

1983, some of his claims could be construed as falling under the

purview of that section. Title 42 U.S.C. § 1983 grants

individuals the right to sue those acting "under color of any

statute, ordinance, regulation, custom, or usage, of any State

or Territory or the District of Columbia ... [for] the

deprivation of any rights, privileges, or immunities secured by

the Constitution and laws." 42 U.S.C. § 1983. Thus, to state a

claim for relief under Section 1983, a plaintiff must show that

"the challenged conduct [is] attributable to a person acting under color of state law" and that "the conduct must have worked a denial of rights secured by the Constitution or by federal law." Freeman v. Town of Hudson, 714 F.3d 29, 37 (1st Cir. 2013) (citing Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997).

A.   Failure to Comply with Fed. R. Civ. P. 8

As filed, the complaint does not comport with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) governs the substance of a pleading, and requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense." Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  "In a civil rights action ..., the complaint should at least set forth minimal facts as to

who did what to whom, when, where, and why." Educadores
Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st
Cir. 2004).

Here, by asserting his claims collectively against the
defendants, and by failing to provide underlying factual support
for liability for each cause of action asserted, Decarvalho
fails to comply with Rule 8. See Bagheri v. Galligan, 160 Fed.
Appx. 4, 5, 2005 WL 3536555, *1 (1st Cir. 2005) (unpublished
decision finding complaint deficient because, among other
things, it failed to state clearly which defendant or defendants
committed each of the alleged wrongful acts; "[the district
court's requirement of an amended complaint] to remedy this
deficiency did not demand more than the minimum necessary to
satisfy notice pleading standards."); see also Hurney v. Carver,
602 F.2d 993, 995 (1st Cir. 1979) (Even a pro se complaint must
be "... backed up with enough supportive facts to outline the
elements of the pleader's claim ..." and courts "need not
conjure up unpleaded facts to support conclusory
allegations]."); Atuahene v. City of Hartford, 10 Fed. Appx. 33,
*34, 2001 WL 604902, *1 (2d Cir. 2001) (unpublished decision,
stating "[b]y lumping all the defendants together in each claim
and providing no factual basis to distinguish their conduct,

[plaintiff's] complaint failed to satisfy this minimum standard
....").  "Although pleading standards are minimal, the First
Circuit requires 'more than conclusions or subjective
characterizations.'"  Columbus v. Biggio, 76 F. Supp. 2d, 43, 52
(D. Mass. 1999) (citing Dewey v. University of New Hampshire,
694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944
(1983).

B.  Timeliness

Unlike the statute of limitations for malicious
prosecution, which begins to run upon the termination of the
challenged criminal proceeding, the limitations period for false
imprisonment claims under Section 1983 "begins when the arrestee
is released or detained pursuant to legal process."  Holmes v.
Meleady, 738 F. Supp. 2d 196, 201-202 (D. Mass. 2010) (citing
Wallace v. Kato, 549 U.S. 384, 389 (2007)).  Here, Decarvalho
alleges that he was arrested and charged on May 14, 2012, and
was acquitted on June 17, 2015.  Decarvalho's complaint was not
submitted to this court until June 30, 2017.  Except for the
malicious prosecution claim which began to run on or about June
17, 2015, the remainder of the Section 1983 claims are barred by
Massachusetts's three-year statute of limitations (M.G.L.A.
Chapter 260, § 2A) on personal injury actions, which is

applicable to civil rights complaints submitted to this Court under 42 U.S.C. § 1983. <u>Owens v. Okure</u>, 488 U.S. 235 (1989).

C.   <u>The Brockton Police Department</u>

A Section 1983 claim cannot be pursued against the Brockton Police Department because it is not a "person" within the meaning of § 1983. The Brockton Police Department is a municipal department of the City rather than an independent legal entity that is subject to suit. <u>Franklin v. City of Boston</u>, No. CV 16-10484-FDS, 2016 WL 4534016, at *1 (D. Mass. Aug. 30, 2016) (citing <u>Henschel v. Worcester Police Dep't</u>, 445 F.2d 624, 624 (1st Cir. 1971) (explaining that "the Police Department [is not] a suable entity"); <u>Stratton v. City of Boston</u>, 731 F. Supp. 42, 46 (D. Mass. 1989) ("[T]he [Boston] Police Department is not an independent legal entity. It is a department of the City of Boston."); <u>accord</u> <u>Winfield v. Perocchi</u>, 2015 WL 4482940, at *3 (D. Mass. July 22, 2015) (treating claims against the Lawrence Police Department as claims against the City of Lawrence). As such, the claim against the Brockton Police Department is subject to dismissal.

D.   <u>Prosecutorial Immunity</u>

Plaintiff claims that he is entitled to damages from Plymouth County and a "D.A. Detective Paul Wolf." However,

based on reasonable inferences from the complaint, any such
claims are barred by the doctrine of absolute prosecutorial
immunity.  A district attorney and his or her assistants are
absolutely immune in a civil rights suit for any prosecutorial
"actions that are 'intimately associated with the judicial phase
of the criminal process.'"  Van de Kamp v. Goldstein, 555 U.S.
335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430
(1976)).  "The protections of absolute immunity, moreover,
extend to actions that occur prior to a formal court proceeding
and outside of a courtroom."  Miller v. City of Boston, 297 F.
Supp. 2d 361, 370 (D. Mass. 2003).  The distinction between the
roles of "prosecutor" and "investigator" is not always clear.
Imbler, 424 U.S. at 431 n.33.  Here, the allegations in the
complaint concern Defendant Wolf, and appear to be barred by
prosecutorial immunity.

Additionally, Decarvalho presumably names Plymouth County
as a defendant because it was the employer of Defendant Wolf.
However, any civil rights claim against Plymouth County are not
cognizable because they are based on a theory of respondeat
liability, and such theory is not applicable to civil rights
claims under Section 1983.  "It is well-established that 'only
those individuals who participated in the conduct that deprived

the plaintiff of his rights can be held liable' " under Section 1983. <u>Velez-Rivera v. Agosto-Alicea</u>, 437 F.3d 145, 156 (1st Cir. 2006) (quoting <u>Cepero-Rivera v. Fagundo</u>, 414 F.3d 124, 129 (1st Cir. 2005)).

E.   <u>Fourth, Fifth and Fourteenth Amendment Claims</u>

The precise nature of plaintiffs' Fourth, Fifth and Fourteenth Amendment claims are not clear from the Complaint. Plaintiff might be attempting to assert claims arising out of defendants' entry into plaintiff's apartment, the arrest they effected and the personal property allegedly stolen.

The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures in the absence of a warrant supported by probable cause.  <u>See</u>, <u>e.g.</u>, <u>United States v. White</u>, 804 F.3d 132, 136 (1st Cir. 2015).  "The right to be free from unreasonable seizure (and, by extension, unjustified arrest and detention) is clearly established in the jurisprudence of the Fourteenth Amendment (through which the Fourth Amendment constrains state action)." <u>Camilo-Robles v. Hoyos</u>, 151 F.3d 1, 6 (1st Cir. 1998).

Under Section 1983, "a plaintiff must show at minimum that the arresting officers acted without probable cause." <u>Mann v. Cannon</u>, 731 F. 2d 54, 62 (1st Cir. 1984).  A police officer may

11

not be liable for false imprisonment if he had a legal

justification for the confinement.  Sietins v. Joseph, 238 F.

Supp. 2d 366, 381 (D. Mass. 2003) (internal quotation marks

omitted).  Recent cases have addressed the scope of claims under

the Fourth Amendment for malicious prosecution and unlawful

pretrial detention.  Filler v. Kellett, 859 F.3d 148, 152 n. 2

(1st Cir. 2017) (citing Manuel v. City of Joliet, Ill., 137

S.Ct. 911, 914-15 (2017) (establishing that a claim under § 1983

for unlawful pretrial detention is cognizable under the Fourth

Amendment); Hernandez-Cuevas v. Taylor, 723 F.3d 91 (1st Cir.

2013) (holding that a "Fourth Amendment malicious prosecution

claim" for unlawful pretrial detention is cognizable under §

1983)).

     Here, it seems the premise underlying the false

imprisonment claim is that the defendants, after entering

plaintiff's residence with a "no knock" warrant, repeatedly and

falsely accused the plaintiff of being a drug dealer.  To the

extent that plaintiff asserts false imprisonment claims against

the defendants, plaintiff has failed to plead facts to show that

the defendants arrested him without probable cause  "[A] warrant

to search for contraband founded on probable cause implicitly

carries with it the limited authority to detain the occupants of

the premises while a proper search is conducted." Michigan v. Summers, 452 U.S. 692, 705 (1981). Moreover, the fact that Plaintiff was later acquitted of the offense for which he was arrested is irrelevant to the validity of the arrest. Michigan v. DeFillippo, 433 U.S. 31, 37 (1979); see also Cocroft v. Smith, C.A. No. 10-40257-TSH, 2013 WL 1336304 (D. Mass. Mar. 29, 2013).

To the extent plaintiff complains that a third party stole personal property from his unsecured apartment, the complaint fails to state a procedural due process claim. As the Supreme Court has stated, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986). Even an intentional deprivation of property by a state employee "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-] deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). "For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post[-]deprivation remedy." Id.

(footnote omitted).  Here, defendants' alleged failure to secure the front door may have been a negligent act or omission causing a subsequent theft, but that act or omission does not constitute a due process violation.

Moreover, whether the failure to lock the apartment was negligence or an intentional act, the Commonwealth of Massachusetts provides a suitable post-deprivation remedy in the form of an action for negligence or conversion.  For that matter, any state law tort claim based on a state officers acts or omissions must be brought against the Commonwealth pursuant to the Massachusetts Tort Claims Act.

     F.    <u>Municipal Liability</u>

Plaintiff alleges that the City of Brockton and Plymouth County are responsible for the alleged unconstitutional actions of their employees.  A municipality or other local government may be liable under Section 1983 if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. <u>See</u> <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658, 692 (1978). But, under Section 1983, local governments are responsible only for "their own illegal acts." <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 479 (1986) (citing <u>Monell</u>, 436 U.S., at 665-683).  They are not

14

vicariously liable under Section 1983 for their employees'
actions. See id., at 691; Canton v. Harris, 489 U.S. 378, 392
(1989); Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397,
403 (1997) (collecting cases).

For municipalities to be liable under a theory of failure
to train and/or supervise, a "policy or custom must have caused
the deprivation of the plaintiff's constitutional rights and the
municipality must have the requisite level of culpability:
deliberate indifference to the particular constitutional right
of the plaintiff." Crete v. City of Lowell, 418 F.3d 54, 66
(1st Cir. 2005). Here, the Complaint contains no such
allegations.

G. Claims Against the FBI and FBI Special Agent

Decarvalho complains that the FBI and Special Agent
Federico violated his rights under the Fourth, Fifth and
Fourteenth Amendments to the United States Constitution. To the
extent Decarvalho complains that his rights were violated by
persons acting under color of federal law, the Court construes
such claims as being brought under Bivens v. Six Unknown Named
Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In
Bivens, the Supreme Court recognized an implied private cause of
action for damages against federal officers who violate a

citizen's constitutional rights. See id. at 389. A Bivens action is the federal analog to an action against a state actor under 42 U.S.C. § 1983, though the two types of cases are not entirely parallel. Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006) (noting that a Bivens action is the federal analog to claims against state actors brought under Section 1983; Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011) ("This implied cause of action is the federal analog to § 1983 suits against state officials.").

As a threshold matter, suits against the FBI and Federico in his official capacity, are barred under the doctrine of sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 475 (1994) (stating that sovereign immunity shields the Federal Government and its agencies from suit). Without a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over a plaintiff's claims against the United States or agencies thereof. Id. at 475 (noting requirement of waiver). Any waiver of sovereign immunity must be "unequivocally expressed" and may not be implied. United States v. Testan, 424 U.S. 392, 399 (1976).

Because Plaintiff has not asserted any claims for which the United States has waived sovereign immunity against the FBI

defendants in their official capacities, the claims for monetary

damages against defendant Federico in his official capacity are

subject to dismissal on the ground that the court lacks subject

matter jurisdiction over such claims. See Corr. Serv. Corp. v.

Malesko, 534 U.S. 61, 71–72 (2001) (Bivens claim may be brought

against an "offending individual officer" in his or her

individual capacity, but not against the Bureau of Prisons, the

United States, or the individual officer in his or her official

capacity for money damages).  Here, Decarvalho has failed to

demonstrate the requisite waiver of sovereign immunity by the

United States.  Thus, the Bivens claims are barred.

    Further, even if the doctrine of sovereign immunity did not

bar the Bivens claims, they are subject to dismissal because

plaintiff has not alleged defendants' personal involvement in

the alleged violation of his rights.  A Bivens action lies

against a defendant only when the plaintiff can show the

defendant's personal involvement in the alleged constitutional

violation. See, e.g., Iqbal, 556 U.S. 662 (2009) ("Because

vicarious liability is inapplicable to Bivens and § 1983 suits,

a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the

Constitution.").  Here, plaintiff does not allege any personal

involvement by Federico. Thus, any <u>Bivens</u> claims against the FBI and Federico are subject to dismissal.

Plaintiff also mentions the torts of false imprisonment, malicious prosecution and loss of property. Any state law tort claim based on a federal officers acts or omissions may only be brought against the United States under the Federal Tort Claims Act. Specifically, the Federal Tort Claims Act authorizes suits against the government to recover damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(2). The United States is the only proper party in a suit seeking monetary damages for torts committed by federal employees. <u>See</u> 28 U.S.C. §§ 1346(b)(1) and 2674. Even if the court were to treat the FTCA claim as having been brought against the United States, it would fail. An FTCA claim against the United States may not be asserted in the United States District Court unless the plaintiff has first exhausted his or her administrative remedies. There are no allegations to

suggest that Decarvalho has exhausted any FTCA claim prior to filing this action.  Thus, any state law claims against the federal defendants are subject to dismissal.

    V.    Filing an Amended Complaint

    Decarvalho's complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2); 1915A(b)(1),(2).  If plaintiff wishes to pursue this action, he must file an amended complaint that clearly identifies who the defendants are, what each defendant did wrong, and the legal claim against each party.  Upon receipt, the undersigned will either direct the Clerk to issue summons or direct the reassignment of the case to a District Judge for further review.

    Any amended complaint must clearly identify plaintiff's claims and provide sufficient factual basis for each of the elements of the claims that he asserts.  The amended complaint should focus on the legal claims against each defendant and the underlying factual basis for such claims.  The Court also notes the "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).  And the claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Further, where a plaintiff brings claims against more

than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

Because an amended complaint completely supercedes an original complaint, Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), plaintiff should repeat in the amended complaint anything from the original complaint that he wishes to be part of the operative complaint. Plaintiff may not, for example, incorporate by reference allegations from the prior complaint into the amended complaint. In evaluating the sufficiency of the amended complaint, the Court will not look to the original complaint.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1.    Plaintiff's Application [#4] to Proceed Without Prepayment of Fees is ALLOWED.

2.    Plaintiff is assessed an initial partial filing fee of $12.46 pursuant to 28 U.S.C. § 1915(b)(1)(A), with the remainder of the fee, $337.54, to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2);

3.    Plaintiff's Motion [#3] for Appointment of Counsel is

DENIED without prejudice;

4.    Plaintiff's Motion [#2] for Service by Regular First Class Mail is DENIED without prejudice; and

5.    The Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1), (2).  If plaintiff wishes to pursue this action, he must, within forty-two (42) days from the date of this Memorandum and Order, file an amended complaint.


SO ORDERED.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge