UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JANITO DECARVALHO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 17-11224 |
| RICHARD D. MCKEON et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

CASPER, J.                                                                                                                                                                   February 12, 2019

## I. Introduction

Plaintiff Janito Decarvalho ("Decarvalho") has filed this *pro se* lawsuit asserting claims pursuant to 42 U.S.C. § 1983 for false imprisonment (Count I), loss of property (Count II) and malicious prosecution (Count III) in connection with his arrest and detention on May 14, 2012. D. 13. Defendants City of Brockton ("Brockton"), the Brockton Police Department ("BPD"), John W. Crowley ("Crowley"), Kenneth Legrice ("Legrice"), Joseph Cummings ("Cummings") and "Unknown Persons"[1] have moved to dismiss the complaint. D. 16. Defendants Massachusetts State Police ("MSP") and Richard D. McKeon ("McKeon"),[2] former Superintendent of MSP, have also filed a motion to dismiss. D. 42. For the reasons set forth below, the Court ALLOWS the

---

[1] In the amended complaint, Decarvalho asserts claims against named Defendants and "unknow[n] person Officers John and Jane Does yet to be identified" employed by the BPD, MSP and other law enforcement agencies. D. 13 ¶ 33.
[2] Richard McKeon moves to dismiss only in his official capacity as former Superintendent of MSP. D. 43.

motions to dismiss.

## II.     Standard of Review

The Court will grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint fails to plead sufficient facts that "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  When considering a motion to dismiss, the Court is tasked with "separat[ing] the factual allegations from the conclusory statements in order to analyze whether the former, if taken as true, set forth a 'plausible, not merely a conceivable, case for relief.'"  Juárez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011)).  In conducting this examination, the Court must not "attempt to forecast a plaintiff's likelihood of success on the merits," id., but instead "give the plaintiff the benefit of all reasonable inferences." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)).

When a plaintiff is *pro se*, the Court must apply a liberal reading to the complaint and hold *pro se* litigants to a less stringent pleading standard than that applied to lawyers.  Kruskall v. Sallie Mae Serv., Inc., No. 15-cv-11780-DJC, 2016 WL 1056973, at *1 (D. Mass. Mar. 14, 2016) (citing Green v. Com. of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985)).  A *pro se* plaintiff, however, must still comply with procedural and substantive law and "dismissal remains appropriate . . . when the complaint fails to even suggest an actionable claim." Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001).

## III.    Procedural History

Decarvalho instituted this action on June 30, 2017.  D. 1.  As part of the initial screening process pursuant to 28 U.S.C. §§ 1915(e)(2), the Court (Bowler, M.J.) ruled that the original

2

complaint was subject to dismissal but allowed Decarvalho time to amend his complaint. D. 7 at 19-20; 9/28/17 ECF Order. Upon the filing of Decarvalho's amended complaint on November 15, 2017, D. 13, the Court allowed summonses to issue as to the identified defendants in the amended complaint and gave Decarvalho ninety days to complete service, D. 14, which would have been February 13, 2018. D. 17 at 4 n. 1.

Defendants Brockton, BPD, Crowley, Cummings, Legrice (and "Unknown Persons") have now moved to dismiss for failure to state a claim. D. 16. Defendants MSP and McKeon, in his official capacity, have also moved to dismiss. D. 42. The Court held a hearing on the motions on November 5, 2018 at which Decarvalho failed to appear. D. 52. The Court took the motions to dismiss under advisement on the papers that were previously filed by the parties. Id.

## IV. Factual Background

The following facts are drawn from Decarvalho's amended complaint, D. 13, and accepted as true for the purposes of considering the motions to dismiss.

On May 14, 2012, law enforcement officers including members of the BPD, MPS and Plymouth County Police Department executed a warrant at Decarvalho's home in Brockton, Massachusetts. D. 13 ¶ 37-38. At that time, officers arrested Decarvalho and transported him to the Brockton Police Department for booking. Id. ¶ 53. Following booking, Decarvalho was escorted to Brockton District Court for arraignment and thereafter to the Plymouth House of Correction. Id. ¶ 55-56. Plaintiff was in custody at the Plymouth House of Correction from May 14, 2012 to May 25, 2012. Id. ¶ 56. During his time in custody, Decarvalho learned from a family member that his home had been burglarized and his belongings stolen. Id. ¶ 58. Decarvalho alleges that officers left his home unsecured following his arrest. Id. ¶ 54.

On June 15, 2015, Decarvalho began trial on the charges stemming from his May 2012

arrest. Id. ¶ 59. On June 17, 2015, Decarvalho was acquitted of all charges. Id. ¶ 60.

## V. Discussion

The Court will address the Defendants' various grounds for dismissal in turn. As an initial matter, although Decarvalho's amended complaint does not refer to 42 U.S.C. § 1983 specifically, the Court construes the *pro* se pleading to be asserting § 1983 claims where Decarvalho alleges as to each of the three counts that the Defendants were acting under color of law when they allegedly violated his constitutional rights. D. 13 at 19, 20, 21; see D. 7 at 5.

### A. Statute of Limitations

Defendants argue that a three-year statute of limitations bars Count I (false imprisonment) and Count II (loss of property) of Decarvalho's amended complaint.

Decarvalho's § 1983 claims are subject to a three-year statute of limitations under Massachusetts' statute of limitations for personal injury tort claims. Nieves v. McSweeney, 241 F.3d 46, 52–53 (1st Cir. 2001) (federal civil rights cases filed in Massachusetts are subject to a three-year statute of limitations). While Massachusetts law determines the appropriate statute of limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). The accrual date for a § 1983 cause of action is when a plaintiff has "a complete and present cause of action." Id. Thus, the statute of limitations begins to run at the point when a plaintiff "can file suit and obtain relief." Id.

For a claim of false imprisonment, the date of accrual is "when the alleged false imprisonment ends." Id. at 389; see Holmes v. Meleady, 738 F. Supp. 2d 196, 201-02 (D. Mass. 2010) (noting that the limitations period "begins when the arrestee is release or detained pursuant to legal process"). Decarvalho alleges that he was detained from May 14, 2012 to May 25, 2012.

4

D. 13 ¶¶ 55-57. Considering the last day of DeCarvalho's detention, May 25, 2012, as the operative date, he did not file his original complaint in this case until June 30, 2017, over two years past the end of the statute of limitations period.

For a claim of loss of property, the date of accrual is "the date of the wrongful appropriation." Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 70 (1st Cir. 2005) (internal quotation and citations omitted). According to Decarvalho's amended complaint, his family member discovered the loss of property on May 14, 2012, D. 13 ¶ 58, the same date as his arrest and detention. Accordingly, even as alleged, any loss of property occurred on this date, or, at latest, by May 25, 2012, when, as alleged, he was released from custody. Accordingly, as with the false imprisonment claim, given that he did not file his complaint here until June 30, 2017, over two years past the end of the statute of limitations period, this claim is also untimely.

For these reasons, the Court concludes that the statute of limitations bars Count I and Count II of Decarvalho's amended complaint and both counts must be dismissed as to all Defendants.

### B. Immunity from § 1983 Claims

MSP and McKeon argue they are immune from § 1983 suit under § 1983's statutory language and the Eleventh Amendment's grant of sovereign immunity. D. 43. The statute, 42 U.S.C. § 1983, gives a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects" a citizen of the United States to a deprivation of a constitutional right. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). This keeps § 1983 in accord with the Eleventh Amendment's promise of sovereign immunity to the individual states. Id. at 66. "[S]tate agencies and state officials in their official capacity are indistinguishable from

the state for purposes of the Eleventh Amendment" so MSP and McKeon, as a state agency and state official in his official capacity, respectively, are immune from suit under both § 1983 and the Eleventh Amendment. See Boulais v. Commonwealth of Massachusetts, No. CIV. A. 00-CV-12086-GAO, 2002 WL 225936, at *1 n. 1 (D. Mass. Jan. 30, 2002).[3]

Brockton and BPD are also protected from § 1983 suit because a "municipality 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'" Franklin v. City of Bos., No. CV 16-10484-FDS, 2016 WL 4534016, at *5 (D. Mass. Aug. 30, 2016) (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)). BPD is indistinguishable from Brockton and claims against BPD may be considered as claims against the municipality. Id. at *1 n. 1. (noting that "the Court will treat any claims against the Boston Police Department as if they were properly pleaded against the City"). Rather than holding a municipality responsible for the actions of its employees or agents, under § 1983 "liability can be imposed on a local government only where that government's policy or custom is responsible for causing the constitutional violation or injury." Kelley v. LaForce, 288 F.3d 1, 9 (1st Cir. 2002). To sustain his claims against Brockton and BPD, Decarvalho must allege that a certain policy or custom caused his injuries rather than the actions of employees or agents of the municipality. He has not done so. See D. 43 at 9.

All claims against Brockton, BPD, MSP, and McKeon are also dismissed on this basis.

### C. **Malicious Prosecution**

Defendants Crowley, Legrice and Cummings, urge dismissal of the malicious prosecution claim (Count III) for failure to state a claim. D. 16. A malicious prosecution claim requires three

---

[3] Since the Court dismisses the claims against MSP and McKeon on this ground, the Court does not reach their further argument that these claims fail for failure to meet the pleading standards under Fed. R. Civ. P. 8. D. 43 at 8.

6

elements: "(1) the defendant commenced an original action without probable cause, (2) with malice, and (3) that the original action terminated in [plaintiff's] favor." Yacubian v. United States, 750 F.3d 100, 108-109 (1st Cir. 2014). A defendant "commences" an action if he or she "cause[s] those proceedings to be initiated." Limone v. United States, 579 F.3d 79, 89 (1st Cir. 2009). "The paradigmatic example exists when a person formally swears out a criminal complaint against another person. But malicious prosecution is by no means restricted to this paradigm." Id. (internal citations omitted). Other potential examples of a defendant commencing an action against a plaintiff include when "an individual induces another person (say, a police officer or prosecutor) to lodge formal criminal charges" or "exercises a peculiar degree of control over the charging official or adamantly presses that official to bring a criminal complaint." Id. Also, "a person 'who takes an active part in continuing or procuring the continuation of criminal proceedings initiated . . . by another is subject to the same liability for malicious prosecution as if he had then initiated the proceedings." Mitchell v. City of Boston, 130 F. Supp. 2d 201, 215 (D. Mass. 2001) (internal citation omitted). Decarvalho's only alleged facts as to Crowley, Legrice or Cummings are that Cummings seized Decarvalho's cell phones and took pictures of evidence that were later used at his trial. D. 13 ¶ 44, 50. Such allegations do not plausibly allege that Crowley, Legrice or Cummings initiated the action against Decarvalho without probable cause or took an active part in continuing it or having it continue. Since Decarvalho has failed to allege this portion of the first element sufficiently as to these three Defendants, this claim is not plausibly stated and the Court need not reach the other requisite elements of stating such a claim.

The Court therefore dismisses the malicious prosecution claim as to Crowley, Legrice and Cummings.

### D. Failure to Make Timely Service under Rule 4(m)

Defendants also argue that Decarvalho failed to effect service within 90 days as required by the Court's ruling, D. 14 and as provided under Fed. R. Civ. P. 4(m). In accordance with Rule 4(m), the Order required Decarvalho to effectuate service on Defendants within 90 days of the November 15, 2017 filing of the amended complaint, D. 14, which would have been February 13, 2018. Brockton, BPD, Crowley, Legrice and Cummings were served on February 21, 2018. D. 21-26. MSP was served on February 28, 2018. D. 27.

Fed. R. Civ. P. 4, however, does allow the Court to extend this time frame for "good cause." Fed. R. Civ. P. 4(m). The burden to make such showing is on the plaintiff, United States v. Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988) and *pro se* status alone is not sufficient for such showing. See McIsaac v. Ford, 193 F. Supp. 2d 382, 383 (D. Mass. 2002). As best as this Court can discern from his opposition, Decarvalho appears to be suggesting that there is "good cause" for same as to these Defendants since he was relying on the U.S. Marshal Service ("USMS") to effectuate service, he sent the documents, as directed by the Court, in a timely fashion to the USMS and, accordingly, he should not be penalized if such service was not effectuated until a week or two after the otherwise applicable deadline. See D. 46 at 3 (and attaching D. 46-1). It is not entirely clear that Decarvalho got such documents to the USMS in a timely fashion since although his request forms for service are dated in November 2017, they are not stamped as received by the USMS until January 22, 2018. D. 21-26. Moreover, as this Court's Order made clear, the duty of timely service of process remains on Decarvalho. See D. 14 at 3 (noting that "Plaintiff shall have 90 days from the date of this Order to complete service"). Given this record, Decarvalho's contentions regarding same and the relatively short time that elapsed between the Rule 4(m) deadline and the service to these Defendants, however, the Court concludes that there was "good cause" for the delay and will

not dismiss on this basis as to the Defendants who have moved to dismiss.[4]

**VI.    Conclusion**

For the foregoing reasons, Defendants' motions, D. 16, 42, are ALLOWED.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[4] The same analysis would not necessarily apply to the various, named defendants who still have not yet been served: Defendants Timothy J. Cruise, Steven Connolly, Matthew Hannigan, Richard D. McKeon, Walter Foley, Francis Wells, Eric Resende, Gregory Furtado, Carlton Jackson, Erik Telford, Michael McCarthy, Paul Wolfe, Kenneth Johnson and Gregory Federico, as their summonses were returned as unexecuted back in February and March 2018 and no service of same apparently have been made on them.  D. 28-30, 31-41; cf.  D. 23 (noting that Stephen Johnson has been served).